## Salamon v. Miller

*Joseph F. Castellino*, for plaintiff.
*Clarence B. Turns, Jr.*, for defendant.

PODCASY, *J.*, March 4, 1987 — This matter comes before the court on preliminary objections filed by defendant, Stephen D. Miller, in the nature of a petition raising a jurisdictional question and a

motion to strike off a pleading because of lack of conformity to law or rule of court.

Plaintiff, Travelworld, is a travel agency located in Wilkes-Barre, Luzerne County, Pa. Defendant (Miller) is a resident of Harrisburg, Dauphin County, Pa. Plaintiff is seeking to recover from defendant compensation for services rendered in arranging a trip for defendant to the Orient. The location or specific circumstances surrounding the making of the contract upon which this action is based are unclear from the pleadings.

Travelworld instituted suit against defendant Miller before a district justice in Luzerne County, Pa. Defendant did not appear at the scheduled hearing and judgment was entered against him on April 11, 1986. On May 5, 1986, defendant Miller subsequently filed an appeal from the magistrate's decision to the Luzerne County Court of Common Pleas, and entered a rule to file a complaint upon plaintiff, Travelworld. Defendant Miller neither raised personal jurisdiction nor venue at that particular time or prior thereto. Defendant now asks this court to dismiss plaintiff's complaint on the basis that this court lacks jurisdiction over defendant Miller.

In deciding the question raised by defendant as to jurisdiction, it is important to look at Pa. R.C.P.D.J. 1009, which provides in pertinent part as follows:

"Unless he was the plaintiff in the action before the district justice, a party aggrieved by a judgment may file with the prothonotary of the court of common pleas a praecipe for a writ of certiorari claiming that the judgment should be set aside because of lack of jurisdiction over the parties. . . ."

In the instant case, defendant Miller did not file a praecipe for writ of certiorari, but instead elected to file an appeal and, thus, by his actions failed to

question the district justice's jurisdiction over him. Furthermore, defendant, by filing an appeal to the Luzerne County Court of Common Pleas on May 5, 1986, submitted himself to the jurisdiction of this court by making a general appearance in the above matter. See Mack Construction Co. v. Qunset Real Estate Corp., ____ Pa. ____, 122 A.2d 163 (1956).

Accordingly, we find no merit to defendant Miller's contention that this court lacks jurisdiction over him.

We now turn to the motion to strike off Travelworld's complaint because of lack of conformity to law or rule of court. Specifically, defendant Miller contends that since plaintiff's complaint was not filed in the above matter until approximately six months and 10 days after the expiration of the 20-day period of time prescribed by Pa. R.C.P.D.J. 1004B, his complaint should be dismissed.

We note that under Pa.R.C.P.D.J. 1004B, the procedure for failure to file a complaint pursuant to a rule to do so is governed by Pa.R.C.P. 1037(a). Under the latter-mentioned rule it is provided that, "if a complaint is not filed within 20 days after service of the rule, the prothonotary, *upon praecipe of the defendant* (Emphasis added.), shall enter a judgment of non pros." Defendant Miller had from approximately May 26, 1986, (20 days after service of the rule) through December 8, 1986, (the day plaintiff's complaint was filed) to exercise this remedy. If defendant did not feel that this "delay" was unreasonable as evidenced by his failure to exercise the remedy available to him under Pa.R.C.P. 1037(a), we decline to do so today.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Defendant's preliminary objections are overruled, and defendant, Stephen D. Miller, shall have the right to plead over within 20 days after notice of this order; and

(2) The Prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P.D.J. 236.